# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) The Honorable Leonie M. Brinkema |
| | ) |
| | ) |
| v. | ) Case No. 0422 1: 19CR00166-001 |
| | ) |
| | ) |
| BARRENCE MARK ANTHONY | ) Sentencing: September 27, 2019 |

## DEFENDANT BARRENCE MARK ANTHONY'S ADDENDUM
## TO SENTENCING MEMORANDUM

COMES NOW, Defendant, Barrence Mark Anthony, by and through his attorney, Bruce A. Johnson, Jr., and respectfully submits this addendum to its sentencing memorandum and specifically requests that this Court find the fourteen (14) point enhancement inapplicable. In support thereof Defendant avers as follows:

1. As this Court is fully aware, this case arises out of Mr. Anthony's access and use of a protected computer without authorization. In retaliation for his termination, Mr. Anthony changed the password for the administrator account to access the AWS portal in the process locking out Federated IT from Administration of the AWS account. The lockout lasted a mere two (2) days as Federated was able to verify the card that was used for monthly services, which was not removed from the account or changed by Mr. Anthony. After the two (2) day lockout, Federated IT was able to access the portal and regenerate all passwords for access to its AWS account.

2. Although Mr. Anthony took pictures of the AMI's, he did not use them. See, Exhibit A. As of October 2017, he no longer had access to the AMI's. This is corroborated by the fact he was not billed for them after October 2017. See, Exhibit B.

3. It is alleged that the value of the AMIs that Mr. Anthony shared with his personal AWS are at $1,136,548.82. Despite the fact the actual cost of the AMI's were billed by AWS as $0.05 per gigabyte per month, a total of 4.14 GB of data for $.20. See, Exhibit B.

4.  As recommended by Ms. Meyer, the fourteen (14) level enhancement should be eliminated as there is no actual loss to Federated IT, because all images were returned and released, and Mr. Anthony no longer has access to or use of them. Federal Sentencing Guidelines Handbook, §2B1.1, provides: "The court need only make a reasonable estimate of the loss. The sentencing judge is in the unique position to assess the evidence and estimate the loss based upon that evidence." Thus, the Court has full discretion to determine the actual loss to the victim company in this case. Additionally, the AMI's created on or about December 2016 have no purpose other than to restore the system back to a state when they were created, on or about December 2016, effectively rendering the system useless as almost 3 years of data has been generated since their creation.

5.  During the course of Mr. Anthony's employment with the victim company the backup images or AMIs were shared with him as part of his employment in creating a disaster recovery program. At any point in time after Mr. Anthony was terminated, Federated IT could have stopped sharing the backup images or AMIs with Mr. Anthony. Nonetheless, Federated IT continued to share the backup images or AMIs with Mr. Anthony even after Mr. Anthony shared them with his personal AWS account. In October of 2017, Mr. Anthony discovered that Federated IT was still sharing the backup images or AMIs with him. Mr. Anthony immediately ended the sharing of the information. Mr. Anthony maintains that he no longer has possession of the backup images or AMIs, this does not appear to be disputed by the government.

6.  If Mr. Anthony were to have possession of the backup images or AMIs on his personal AWS account, he would be charged a service fee by AWS to maintain the information. Mr. Anthony has invoices ranging from December 2016 through September 2019 from AWS showing no data is currently being stored on his personal AWS account.

A digital cloud log going back ninety (90) days also confirms that Mr. Anthony does not possess the backup images or AMIs. All available information confirms the return of the AMI's or the deletion from his personal account. See, Exhibit C.

Wherefore, Defendant, Barrence Mark Anthony, requests that this Honorable Court deny the fourteen (14) point enhancement.

Respectfully submitted,

BRUCE A. JOHNSON JR., LLC

_____/s/_____
Bruce A. Johnson, Jr., Esquire
Virginia Bar (#36910)
4301 Northview Drive
Bowie, Maryland 20716
(301) 860-1505
(301) 860-1508 (facsimile)
bajjlaw@aol.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Position was electronically delivered to Nathaniel Smith, III, Esquire, Assistant United States Attorney, Office of the United States Attorney, 2100 Jamieson Avenue, Alexandria, Virginia 22314 and Rachael E. Meyer, United States Probation Officer, Albert V. Bryan United States Courthouse, 401 Courthouse Square, 3rd Floor, Alexandria, Virginia 22314, this _23rd_ day of September 2019.

_____/s/_____
Bruce A. Johnson, Jr., Esquire
Virginia Bar (#36910)
4301 Northview Drive
Bowie, Maryland 20716
(301) 860-1505
(301) 860-1508 (facsimile)
bajjlaw@aol.com