# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division



UNITED STATES OF AMERICA

v.  Case Number 1:19CR00166-001

**BARRENCE MARK ANTHONY,**

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant, BARRENCE MARK ANTHONY, was represented by Bruce A. Johnson, Jr., Esquire.

The defendant pleaded guilty to Count 1 of the Criminal Information. Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1030 (a)(2)(C) | Accessing a Protected Computer without Authorization (Felony) | 12/08/2016 | 1 |

As pronounced on September 27, 2019, the defendant is sentenced as provided in pages 2 through 8** of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this 27th day of September, 2019.

/s/ 
Leonie M. Brinkema
United States District Judge

** Page 8 of this document contains sealed information

Defendant: BARRENCE MARK ANTHONY
Case Number: 1:19CR00166-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWENTY-FOUR (24) MONTHS, with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons:

The defendant to be designated to a facility as close to the Washington D.C. Metropolitan area as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal. Until he self surrenders, the defendant shall remain under the Order Setting Conditions of Release entered on March 6, 2019; with the added condition that when notified as to where to report, the defendant self-surrender to the facility as directed.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to
at _____, with a certified copy of this Judgment.

c: P.O. (2) (3)
   Mshl. (4) (2)
   U.S.Atty.
   U.S.Coll.
   Dft. Cnsl.      By
   PTS
   Financial
   Registrar
   ob

                       United States Marshal

                       Deputy Marshal

Defendant: BARRENCE MARK ANTHONY
Case Number: 1:19CR00166-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    While on supervised release, the defendant shall not commit another federal, state, or local crime.

    While on supervised release, the defendant shall not illegally possess a controlled substance.

    While on supervised release, the defendant shall not possess a firearm or destructive device.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below):
1) The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the Probation Officer within 72 hours, or earlier if so directed, of any change in residence.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 4 of 8

Defendant: BARRENCE MARK ANTHONY
Case Number: 1:19CR00166-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1. The defendant shall undergo a mental health evaluation and, if recommended, participate in a program approved by the United States Probation Office for mental health treatment with an emphasis on impulse control, which program may include residential treatment and testing, all as directed by the probation officer. The defendant shall take all medications as prescribed and waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The defendant to pay costs as able, as directed by the probation officer.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall not incur new credit card charges, open additional lines of credit, or engage in any financial transaction over $500.00 without prior approval of the probation officer.

4. As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, trusts, and any anticipated or unexpected financial gains to satisfy the outstanding court ordered financial obligation.

5. The defendant shall pay restitution totaling $49,233.09 to Federated IT. Restitution is payable immediately, with any remaining balance to be paid in equal monthly payments of $300.00 or 25 percent of net income, whichever is greater, to commence within 60 days of release, until paid in full.

6. The defendant shall notify employers of the nature of his conviction and supervision.

7. The defendant must remain drug free and his probation officer may require random drug testing at any time. Should a test indicate drug use, then the defendant must satisfactorily participate in, and complete, any inpatient or outpatient drug treatment to which defendant is directed by the probation officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The defendant to pay costs as able, as directed by the probation officer.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 5 - Financial Penalties

Judgment--Page 5 of 8
Defendant: BARRENCE MARK ANTHONY
Case Number: 1:19CR00166-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total monetary penalties in accordance with the schedule of payments set out below.

| Count | Special Assessment | Fine |
|---|---|---|
| 1 | $100.00 | $0.00 |
| **Total** | **$100.00** | **$0.00** |

### FINE

No fines have been imposed in this case.

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The special assessment is due in full immediately. If not paid immediately, the Court authorizes the deduction of appropriate sums from the defendant's account while in confinement in accordance with the applicable rules and regulations of the Bureau of Prisons.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

If this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 8

Defendant: BARRENCE MARK ANTHONY
Case Number: 1:19CR00166-001

## RESTITUTION AND FORFEITURE

### RESTITUTION

The Court, pursuant to the Victim and Witness Restitution Act, finds that the following is/are victim(s) of defendant's criminal conduct and has/have sustained loss in the indicated amounts and orders $49,233.09 restitution by the defendant as follows:

| Name & address of payee(s) | Amount |
|---|---|
| **Federated IT**<br>**ATTN: Matthew Bucholz, President**<br>**1201 Wilson Blvd., 27th Floor**<br>**Arlington, Virginia 22209** | $49,233.09 |
| Total | $49,233.09 |

Payments of restitution are to be made to Clerk, U. S. District Court, 401 Courthouse Square, Alexandria, VA 22314.

Restitution is payable immediately, with any remaining balance to be paid in equal monthly payments of $300.00 or 25 percent of net income, whichever is greater, to commence within 60 days of release, until paid in full.
Interest on Restitution has been waived.

If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

### FORFEITURE

Forfeiture is directed in accordance with the Consent Order of Forfeiture entered by this Court on September 27, 2019.